UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEEN CABRAL, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>SUPPLE, LLC, a Connecticut corporation; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 5:12-CV-00085-MWF-OPx<br><br>PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION<br><br>Complaint filed: December 2, 2011 |

WHEREAS, to facilitate the production and receipt of information during discovery in this action (the "Action"), plaintiff Arleen Cabral, on one hand, and defendant Supple, LLC, on the other hand (collectively, the "Parties"), have stipulated and agreed, through their respective counsel, and subject to the approval of the Court, to the entry of an order for the protection of confidential or trade secret information that may be produced or otherwise disclosed by them or third parties during the course of the Action (the "Order").

IT IS HEREBY ORDERED:

1.  Any confidential information produced by or on behalf of any Party or

non-party as part of discovery in this action may be designated by such party as "Confidential" or "Highly Confidential—Attorneys' Eyes Only." The party producing the information designated as confidential is referred to herein as the "Designating Party."

(a) A document may be designated "Confidential" when it contains private or business information that would be protected under the constitutional, statutory, or common law rights to privacy, or when it contains trade secret information, including but not limited to, confidential business information such as marketing plans or strategies, business plans, strategic plans, license agreements or negotiations, engineering and manufacturing drawings and information, market research, research and development relating to products not yet released or sold, correspondence and agreements with actual or prospective customers or vendors, financial information or projections, including without limitation, invoices, sales, licensing payments, licensing statements, budgets, statements of revenue, profits, costs or liabilities, actual or prospective customer lists, or other information or documents that would put the producing person at a competitive disadvantage if the information became known to the receiving party or a third party.

(b) A document may be designated "Highly Confidential—Attorneys' Eyes Only" when it both contains extremely sensitive confidential information such that its disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means and relates to one or more of the following:

(a) Individuals' family, financial, medical, or personnel records;

(b) Current or prospective business plans or market analyses;

(c) Confidential proprietary or trade secret information in the possession of the Designating Party;

(d) Internal strategy, marketing, rate or proprietary planning processes;

(e) Non-public information relating to clients or customers of the Designating Party;

(f) Non-public information relating to any ongoing government investigation or action; or

(g) Material or information as to which the Producing Party has an independent obligation of confidentiality to any entity other than defendants in these Actions.

(c) Information that is publicly available may not be designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only."

2. Information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in the Order.

3. Any Party or non-party wishing to come within the provisions of the Order may designate as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" the documents or portions thereof which it considers confidential at the time the documents are produced.

4. Each page of the document must be marked "Confidential" or "Highly Confidential—Attorneys' Eyes Only," as appropriate, by the producing party. Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of confidential information disclosed in a non-paper medium (*e.g.*, videotape, audiotape, computer disks, etc), the appropriate designation shall be affixed on the outside of the medium or its container so as to clearly give notice of the designation. Documents or things which cannot be reasonably labeled pursuant to this paragraph shall be so designated by the producing party by informing the receiving Party in writing.

5. In the instance of deposition testimony, the witness under deposition or

his or her counsel shall have the right, within thirty days of receiving a transcript of the deposition, to designate or change the level of restriction of the transcript or portions thereof. Prior to the expiration of such thirty day period, all information disclosed during a deposition shall be treated as confidential, unless otherwise agreed by the parties and the witness, or ordered by the Court. If any testimony in a deposition or any document or information used during the course of a deposition is designated as confidential, the portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access thereto shall be limited pursuant to the terms of this Order. The terms of this Order shall apply to videotaped depositions, and video cassettes or other video containers shall be labeled in accordance with the terms of this Order.

6. Any documents or discovery responses labeled as "Confidential," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Confidential," may be made available only to:

(a) the Parties (including their officers, directors, employees and in-house attorneys) and their attorneys of record in this Action (including such attorneys' employees, copy services and document management services);

(b) judges, magistrate judges, law clerks, and other clerical personnel of the Court before which this Action is pending;

(c) independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party;

(d) a witness at any deposition or trial in this Action (including persons whom counsel in good faith believe will testify at a deposition or at trial) and counsel for such witness;

(e) court reporters and their staff who are required to transcribe testimony;

(f) mediators, settlement judges and clerical personnel of such

neutrals;

  (g) counsel for issuers of insurance policies under which any issuer may liable to satisfy part or all of any judgment that may be entered in this Action;

  (h) the jury, if any, in the trial of this Action; and

  (i) any other person upon order of the Court or upon prior written consent of the Designating Party.

 7. Any documents or discovery responses labeled as "Highly Confidential—Attorneys' Eyes Only," as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, and any deposition testimony or portion thereof marked as "Highly Confidential—Attorneys' Eyes Only," may be made available only to:

  (a) Attorneys of record for the Parties (including such attorneys' employees, copy services and document management services);

  (b) judges, magistrate judges, law clerks, and other clerical personnel of the Court before which this Action is pending;

  (c) independent experts retained by the attorneys for purposes of the litigation that are not directly associated with a party;

  (d) a witness at any deposition or trial in this Action if such witness authored the document or if, at the time of such testimony the witness is employed by the Party or non-party that designated the document as "Highly Confidential—Attorneys' Eyes Only," and counsel for such witness;

  (e) court reporters and their staff who are required to transcribe testimony;

  (f) mediators, settlement judges and clerical personnel of such neutrals; and

  (g) the jury, if any, in the trial of this Action; and

  (h) any other person upon order of the Court or upon prior written

consent of the Designating Party.

8. The documents described in Paragraphs 6 and 7 above are referred to collectively as "Designated Materials." Each person permitted by the Parties or their counsel to have access to Designated Materials under the terms of the Order (other than the persons identified in Paragraphs 6(a), 6(b), 6(h), 7(a), 7(b) and 7(g)) shall, prior to being given such access, be provided with a copy of the Order for review and shall sign a Confidentiality Agreement in the form of Exhibit A hereto, indicating that he or she has read the Order and agrees to comply with its terms. Counsel disclosing Designated Materials to such persons shall retain the original signed Confidentiality Agreement.

9. For purposes of the Order, an expert witness shall not be deemed to be "independent" if he or she is an officer, shareholder, owner, manager, partner, distributor, seller, advertiser, independent contractor, affiliate, director, employee, former employee or contractor, or relative of a competitor to a Party to this litigation, or the competitor's parent, subsidiary, predecessor-in-interest, successor-in-interest, related entity or affiliate.

10. The restrictions set forth in the Order shall not apply to information which is known to the receiving Party or the public before the date of its transmission to the receiving Party, or which becomes known to the public after the date of its transmission to the receiving Party, provided that such information does not become publicly known by any act or omission of the receiving Party, its employees, or its agents which would be in violation of the Order.

11. With respect to any documents or information designated as confidential information that a Party intends to submit to the Court for use at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings, the Parties shall comply with Federal Rule of Civil Procedure 34, Local Rules 34 and 79-5, and the any practices or procedures that the parties are otherwise ordered to follow when filing and delivering such documents to the Court. When submitting materials

to the Court in applications or motions that any other party has designated as "Confidential" or "Highly Confidential" under this Order, the party submitting the material shall deliver such materials to the Court as provided for the delivery of materials to be filed under seal in Local Rule 79-5, or as otherwise ordered by the Court. The submitting party will submit a written statement informing the Court that the materials have been designated as "Confidential" or "Highly Confidential" by another party, and are submitted to the Court conditionally under seal.  Upon such filing, the party that designated the records confidential may file a motion for a sealing order under Local Rule 79-5 within five days (5) days of the filing.  If the Designating Party fails to file such a motion within the five (5) days, or to obtain a Court Order extending time to file such a motion, that party must be deemed to have consented to the public filing of the record and the Clerk will remove the originals from the envelope labeled "CONDITIONALLY UNDER SEAL" and place them in the public file.  If the party that designated the records confidential does file such a motion within five (5) days (or within any extension as ordered by the Court), the originals must remain conditionally under seal until the Court rules on the motion, and thereafter must be filed in the manner directed by the Court.

The fact that Designated Materials may be conditionally under seal shall not prevent any party from discussing such Designated Material during a hearing on application or motion in which such evidence has been submitted.  The parties shall make reasonable efforts to maintain the confidentiality of any Designated Materials conditionally under seal.

12.   If, at any time during this Action, any Party believes that any other Party or nonparty has improperly designated information as "Confidential" or "Highly Confidential—Attorneys' Eyes Only," or believes that it is necessary to disclose designated information to persons other than those permitted by the Order, and the producing party does not agree to change the designation or to allow the disclosure, the objecting Party may make a motion to the Court requesting that the specifically

identified documents, information and/or deposition testimony be de-designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" and/or be available to specified other persons. It shall be the burden of the Designating Party to demonstrate that the material or information at issue was properly designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" under the terms of the Order and entitled to protection under applicable law. The party prevailing on a motion brought pursuant to this Paragraph shall be awarded its reasonable attorneys' fees incurred in connection with such motion, unless the non-prevailing party acted with substantial justification.

13. In the event that any Party is served with a subpoena or other demand by any person, firm, corporation, or other entity who is not a party to this action, is not a signatory to the Order, or is otherwise not bound by the Order, which seeks to compel production of any Designated Materials, the party upon whom the subpoena or demand is served shall give written notice of the subpoena or demand to the party who has asserted that the information or documents requested are "Confidential" or "Highly Confidential—Attorneys' Eyes Only." The written notice required by this paragraph shall be given no later than three court days after receipt of the subpoena or other demand, or seven court days before the production date set forth in the subpoena or other demand, whichever is earlier. The party who designated the subject information or documents as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" shall have the responsibility to obtain an order from the Court quashing the subpoena, granting a protective order, and/or granting such other relief as will protect the alleged confidential nature of the subject information or documents. If such a motion is filed before the requested production date, the party upon whom the subpoena, or other demand is served shall not produce the subject information or documents until after such time as the Court rules on the objecting party's motion. If an order quashing the subpoena or other protective order is obtained, the party upon who the subpoena, discovery request, or order is served

1  shall comply with the order.  If no motion to quash or motion for protective order is
2  filed before the scheduled production date set forth in the subpoena or other demand,
3  or if the motion to quash the subpoena or motion for protective order is denied, the
4  party upon whom the subpoena or other demand is served may comply with the same
5  without being deemed to have violated the Order.

6     14.   The Order shall not apply to any document or information obtained by a
7  discovering party which:

8        (a)   was already a matter of public record or knowledge before its
9  receipt through discovery;

10       (b)   became a matter of public record or knowledge after its
11 production in discovery; or

12       (c)   was previously produced without a confidentiality restriction,

13    15.   This Order may only be modified in a writing signed by the Parties and
14 approved by an order of the Court.

15    16.   The inadvertent or unintentional production of documents, materials,
16 testimony or information containing, or other disclosure of, private, confidential,
17 proprietary, or trade secret information that is not designated "Confidential" or
18 "Highly Confidential—Attorneys' Eyes Only" at the time of the production or
19 disclosure shall not be deemed a waiver in whole or in part of a Party's claim of
20 confidentiality or secrecy, either as to the specific information disclosed or as to any
21 other information relating thereto or on the same or related subject matter.  Any error
22 in designation or production shall be corrected as soon as reasonably possible after
23 the designating Party becomes aware of the error.  The production of documents or
24 other tangible things pursuant to a request for production by a Party hereto shall not
25 be deemed a waiver of any right by the producing Party to object to the admissibility
26 of such document or other thing on grounds of relevancy, materiality, privilege, or
27 any other ground.

28    17.   Within sixty days of termination of this Action, unless the attorneys of

1  record otherwise agree in writing, each Party shall:

2        (a)    assemble and return all Designated Materials, including copies,
3  to the person(s) and entity(ies) from whom the material was obtained, or

4        (b)    destroy all Designated Materials and provide the other Party
5  with written certification that such destruction was made.

6      18.    Notwithstanding the preceding paragraph, the attorney of record for any
7  Party may retain an archival copy of all pleadings, motion papers, transcripts, legal
8  memoranda, correspondence or attorney work product, even if such materials contain
9  Designated Material.  Any such archival copies that contain or constitute Designated
10 Material remain subject to this Order.

11     19.    This Order shall not affect the right of any Party to object to the
12 production of any document or other information or to demand more stringent
13 restrictions upon the treatment and disclosure of any document or other information,
14 on the ground that such document or information contains particularly sensitive
15 information, or otherwise.

16     20.    This Order shall not prejudice the right of any Party or non-party to
17 oppose production of any information on the ground of attorney-client privilege,
18 work product immunity, or any other protection provided under the law.

19     21.    Nothing herein shall be deemed either a waiver of any objection that any
20 Party may have to the production of any document or information, nor an admission
21 of the relevancy of any document or information requested.

22     22.    All provisions of the Order restricting the use, disclosure or
23 communication of any Designated Materials shall continue to be binding on Parties,
24 and their successors, assigns, heirs, and attorneys, after the conclusion of this Action.

25

26 / / /

27 / / /

28 / / /

23. This Order shall survive the final termination of this Action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of any information disclosed hereunder.

IT IS SO ORDERED:

Dated: 5/31/12  _____

Honorable Oswald Parada
United States Magistrate Judge

# ATTACHMENT A

# CONFIDENTIALITY AGREEMENT

1.  I, _____, have read and understand the Stipulation and Protective Order Regarding Confidential Information dated _____, 2012 (the "Protective Order") in the matter of *Cabral v. Supple, LLC*, United States District Court, Central District of California, Case No. 5:12-cv-00085 MWF OPx (the "Action"). I agree to be bound by its terms with respect to any documents, information or materials that are furnished to me as set forth in the Protective Order.

2.  I further agree not to disclose to anyone any such documents, information or materials, except as set forth in the Protective Order.

3.  I agree that any documents, materials or information furnished to me will be used by me only for the purposes of this litigation and for not other purposes, and will not be imparted by me to any other person. I will maintain all such documents, materials or information in a secure manner to prevent unauthorized access to it.

4.  No later than 30 days after the conclusion of this action, I will return all documents, materials or information to the person who furnished it to me.

5.  I hereby consent to the jurisdiction of said court for purposes of enforcing this Order.

Dated: _____          Signature _____

                                                  Print Name _____

                                                  Company Name _____

                                                  Title _____

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

302507848.2