UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 12-00085-MWF (OPx)**                    Date:  **July 3, 2012**

Title:    Arleen Cabral, et al. -*v*- Supple, LLC, et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

    Rita Sanchez                               None Present
    Courtroom Deputy                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                          None Present

PROCEEDINGS (IN CHAMBERS):  ORDER GRANTING DEFENDANT SUPPLE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [8]

    Defendant Supple, LLC has filed this Motion to Dismiss Plaintiff's Complaint (the "Motion"). (Docket No. 8). The Court has read and considered the papers filed in this matter, and on July 2, 2012, held a hearing on the Motion. For the reasons set forth below, the Motion is GRANTED with leave to amend.

    Plaintiff Arleen Cabral brought this putative class action against Defendant Supple, LLC ("Supple") in connection with Supple's sales, marketing and distribution of the Supple Beverage (the "Beverage"). Cabral alleges that, in its marketing and advertising of the Beverage, Supple has made and continues to make numerous false and misleading statements regarding the uses and benefits of the Beverage. (Compl. Ex. A (Docket No. 1)). The Complaint alleges claims for relief for violations of (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and (3) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*

    The gravamen of the Complaint is that Supple claims the Beverage's key ingredients – *i.e.*, glucosamine hydrochloride and chondroitin sulfate – are "clinically proven effective," produce "evidence-based solutions for joint

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 12-00085-MWF (OPx)**                      Date:  **July 3, 2012**

Title:       Arleen Cabral, et al. -v- Supple, LLC, et al.

---

problems," and provide "fast relief from joint suffering" caused by ailments such as arthritis. However, Cabral alleges that a series of clinical trials demonstrate that the combination of these ingredients is no more effective than placebo.

Indeed, according to the Complaint, "the numerous clinical studies [Supple] cites in support of its bold claims, were actually done on a different form of glucosamine, namely ***glucosamine sulfate***." (Compl. ¶ 48 (emphasis in original)). Glucosamine sulfate allegedly is not an ingredient in the Beverage. In sum, Cabral alleges that Supple "misleads the consuming public by touting the 'clinically proven effective ingredients' found in [the Beverage], and then relying on clinical trials of an ingredient not found in its product to back up its bold marketing and advertising claims." (Opp. at 4).

Cabral alleges that she suffers from arthritis and purchased the Beverage from Supple's website. Cabral alleges further that she reviewed Supple's purported misrepresentations and relied on them in purchasing the Beverage.

In ruling on the Motion, the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The Court accepts as true all material, factual allegations in the Complaint, as well as all reasonable inferences to be drawn therein. The Court GRANTS Supple's Request for Judicial Notice (Docket No. 13-1), and therefore also considers the GAIT Study and the order granting a motion to dismiss in *Barrera v. Pharmavite, LLC*, No. CV 11-04153 CAS (C.D. Cal. Sept. 19, 2011). Consideration of the order does not make its reasoning binding on this Court. *See, e.g.*, *Hart v. Massanari*, 266 F.3d 1155, 1174 (9th Cir. 2011) (district courts are not bound by decisions of other district courts).

Supple argues essentially that the Complaint must be dismissed as a matter of law "[b]ecause there is no private remedy for unsubstantiated advertising [under California law], [and] Plaintiff may bring an action, if at all, only for false or misleading advertising. Thus, Plaintiff can only maintain her action against Defendant by pleading facts to support an allegation that Defendant's advertising

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 12-00085-MWF (OPx)**                         Date:  **July 3, 2012**

Title:       Arleen Cabral, et al. -*v*- Supple, LLC, et al.

---

claims are *false* or *misleading*."  *Fraker v. Bayer*, No. CV F 08-1564 AWI GSA, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009) (emphasis in original); *see also Barrera*, slip op. at 3.

Supple cites a series of cases for the proposition that California law (whether under the UCL, FAL or CLRA) provides no private remedy for unsubstantiated advertising.  *See Fraker*, 2009 WL 5865687, at *8 (granting motion to dismiss); *Barrera*, slip op. at 3 (same); *Chavez v. Nestle USA, Inc.*, No. CV 09-9192-GW (CWx), 2011 WL 2150128, at *5 (C.D. Cal. May 19, 2011) (same); *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharms., Inc.*, 107 Cal. App. 4th 1336, 1346-48, 133 Cal. Rptr. 2d 207 (2003) (holding that at trial the burden is on the "plaintiff to prove that the advertising claims are false or misleading"). Specifically, Supple characterizes the Complaint as alleging only that Supple's statements as to the effectiveness of the Beverage are not substantiated by "competent and reliable scientific evidence."

However, while certain of Cabral's allegations could be characterized fairly as attacking a lack of substantiation, on balance the Complaint is not so limited. The Court agrees with Cabral that Supple "ignores the pages of factual allegations in the Complaint, which explain exactly how [Supple]'s claims are false and elaborating on [Supple]'s scheme to mislead the consuming public as to the uses, benefits, and effectiveness of [the Beverage]'s key ingredients."  (Opp. at 8; *e.g.*, Compl. ¶¶ 5, 48).

As discussed above, Supple allegedly bases its representations that the Beverage is effective on clinical trials of a chemical compound that is not an ingredient in the Beverage.  Under the rubric articulated in *Fraker*, Cabral has alleged facts "sufficient . . . to show that [Supple]'s advertising claims with respect to [the Beverage] are actually false; not simply that they are not backed up by scientific evidence."  2009 WL 5865687, at *8.  In sum, Supple allegedly has misrepresented the effectiveness of the Beverage.

This conclusion is supported by analogous case law, including *Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008).  "There, the plaintiffs alleged

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED 12-00085-MWF (OPx)**               Date:  **July 3, 2012**

Title:      Arleen Cabral, et al. -*v*- Supple, LLC, et al.

---

that words and pictures on the product packaging suggested that the products contained juice from oranges, peaches, strawberries, and cherries, when in fact it did not, which is to say they alleged that the words and pictures on the product label were actually false and misleading, and not simply 'unsubstantiated.'" *Chavez*, 2011 WL 2150128, at *5 (discussing *Williams*, 552 F.3d at 936, 938). While Supple may not have represented that the Beverage contained glucosamine sulfate, Supple allegedly relied on glucosamine sulfate trials in making false claims as to the Beverage's effectiveness and consequently misled consumers such as Cabral.

Also supporting this conclusion is *Rikos v. Procter & Gamble Co.*, 782 F. Supp. 2d 522, 528-29 (S.D. Ohio 2011) (holding that in a false advertising case under California state law, the "plaintiff must plead and prove that the advertising statements are 'false or misleading' – which is exactly what Plaintiff pleads. Accordingly, this Court declines to find that Plaintiff's complaint was filed under an alleged 'lack of scientific substantiation' theory); *see id.* at 526 ("[Defendant] states on the product label and in its advertisements that [the allegedly false] benefits are clinically and scientifically proven."); *see also Barrera*, slip op. at 4 n.1 (dismissing the complaint as alleging only a lack of substantiation while noting the "key difference between the *Rikos* case and the present matter however, is that in *Rikos* the defendant's advertisements claimed defendant's products had 'clinically proven' health benefits. Here, [the defendant] has made no such claims."). Supple argues that *Rikos* is an outlier. *Barrera* suggests otherwise. The Court views as significant the allegations that Supple's advertising includes clinical claims.  (*E.g.*, Compl. ¶ 5).

A stronger argument for Supple is the argument concerning Rule 9(b).  In general, the Court agrees with Cabral that Supple overstates the specificity required under either Rule 9(b) or Rule 8.  However, the Court holds that Cabral has not adequately alleged ***her own*** familiarity with the allegedly false advertising, pursuant to the "who, what, when, where and how" of *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  The Complaint alleges that, after reviewing and relying on Supple's purported misrepresentations, Cabral – and the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED 12-00085-MWF (OPx)**                                Date:  **July 3, 2012**

Title:      Arleen Cabral, et al. -*v*- Supple, LLC, et al.

---

members of the putative class – purchased the Beverage (in Cabral's case) from the Supple website during the class period (December 2, 2007, to the present). (*See, e.g.*, Compl. ¶¶ 4, 5, 13, 69, 83). But Cabral has not alleged what advertising (if any), apart from the website, she viewed before she allegedly purchased the Beverage. Nor has she specified the alleged statements on which she allegedly relied. Illustratively, at oral argument Cabral's counsel stated that Cabral would amend the Complaint to allege that Cabral had viewed Supple's infomercial about the Beverage.

At oral argument counsel for Supple abandoned its preemption argument relating to 21 U.S.C. § 343. Given that the Court is granting the Motion and that Cabral presumably will file an amended complaint, the Court need not reach what remains of the preemption argument at this time.

In sum, Supple's Motion (Docket No. 8) is GRANTED with leave to amend. **Cabral may file an amended complaint not later than 14 days from the date of this order.**

IT IS SO ORDERED.