**MILSTEIN ADELMAN LLP**
Gillian L. Wade, State Bar No. 229124
gwade@milsteinadelman.com
M. Isaac Miller, State Bar No. 266459
imiller@milsteinadelman.com
2800 Donald Douglas Loop North
Santa Monica, California 90405
Telephone: (310) 396-9600
Fax: (310) 396-9635

Attorneys for Plaintiff,
Arleen Cabral and the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEEN CABRAL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SUPPLE, LLC, a Connecticut Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: **5:12-cv-00085-MWF-OP**<br><br>**CLASS ACTION**<br><br>**DECLARATION OF PLAINTIFF ARLENE CABRAL IN SUPPORT OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**<br><br>Date: September 24, 2012<br>Time: 10:00 am<br>Crtrm: 1600<br>Judge: Hon. Michael W. Fitzgerald |

## DECLARATION OF ARLENE CABRAL

I, Arlene Cabral, hereby declare as follows:

1. I am the plaintiff in this action and have personal knowledge of all matters stated herein.

2. I have been diagnosed by a doctor with arthritis, and suffer from disabling joint pain and immobility.

3. I purchased the Supple beverage ("Supple") in April of 2009.

4. Before deciding to purchase Supple, I viewed an infomercial about Supple which described the uses and benefits of Supple. I relied upon the representations in the infomercial that Supple was proven to treat arthritis pain.

5. I followed all of the instructions with the product and used it as directed. Unfortunately, I did not receive any pain relief or increased mobility as a result of drinking Supple.

6. Even after using Supple as directed, my condition never improved, and I recently filed for permanent disability as a result of my arthritis.

7. After using Supple as directed and discovering that the product did not work as advertised, I received another shipment of Supple later in 2009. Although I did not agree to any up-sell or promotional offer when I originally purchased Supple, it appears Defendant automatically enrolled me in its "auto-ship program." When I contacted customer service to return the shipment, I was told that, despite the fact that I did not enroll in the "auto-ship program," I would still have to pay the shipping and handling to return the product. I never returned the product for this reason.

8. If I had known Supple has no ability to effectively treat arthritis, I never would have purchased the product.

9. I do not have any conflicts of interest with any other members of the proposed Class. I will assist my attorneys in vigorously prosecuting this action, and, in doing so, I will protect the interests of the Class.

10. I believe that consumers have the right to know the truth about what they are buying, exposing themselves to, and putting into their bodies. I believe that Defendant should be required to accurately and clearly advertise the uses and benefits of Supple (if any) so that consumers know what they are buying.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on July 13, 2012 at Rialto, California.

*A. Cabral*
Arlene Cabral