1

2

3

4

5

6

7

8
UNITED STATES DISTRICT COURT

9
CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 ARLEEN CABRAL, individually and on behalf of all others similarly situated, | ) CASE NO.: **5:12-cv-00085-MWF-OP** |
| 12 | ) |
| 13 Plaintiffs, | ) **CLASS ACTION** |
| 14 vs. | ) **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION** |
| 15 | ) |
| 16 SUPPLE, LLC, a Connecticut Corporation; and DOES 1 through 100, inclusive, | ) Date:      September 24, 2012 |
| 17 | ) Time:      10:00 am<br>) Crtrm:    1600 |
| 18 Defendants. | ) Judge:    Hon. Michael W. Fitzgerald |
| 19 | ) |

20

21

22

23

24

25

26

27

28

Plaintiff's Motion for Class Certification came on regular hearing on September 24, 2012 at 10:00 a.m., before the Honorable Michael W. Fitzgerald of the above captioned court.

The Court, having reviewed the briefs and evidence submitted by the Plaintiff Arlene Cabral ("Plaintiff"), and Defendant Supple, LLC ("Defendant"), the oral arguments of counsel at the hearing, and all other matters on file herein, and good cause appearing, the Court hereby GRANTS Plaintiff's Motion for Class Certification.  The Court hereby certifies the following California class under all four causes of action in the First Amended Complaint pursuant to Rules 23(a) and 23(b)(3) defined as:

> All persons residing in the State of California who purchased Supple for personal use and not for resale since December 2, 2007

Excluded from the class are governmental entities, Defendants, any entity in which Defendants have a controlling interest, and Defendants' officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, as well as any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

The Court further orders that Plaintiff Arlene Cabral is appointed class representative and Milstein Adelman, LLP ("MA") are appointed class counsel.

Specifically, the Court finds:

**A.   Legal Standard**

All class actions in federal court must meet the following four prerequisites for class certification:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1    interests of the class.

2  Fed. R. Civ. P. 23(a).

3         In addition, a plaintiff must comply with one of three sets of conditions set forth

4  in Rule 23(b).  Under Rule 23(b)(1), a class may be maintained if there is either a risk

5  of prejudice from separate actions establishing incompatible standards of conduct or

6  judgments in individual lawsuits would adversely affect the rights of other members

7  of the class.  Under Rule 23(b)(2), a plaintiff may maintain a class where the

8  defendant has acted in a manner applicable to the entire class, making injunctive or

9  declaratory relief appropriate.  Finally, under Rule 23(b)(3), a class may be

10 maintained where common questions of law and fact predominate over questions

11 affecting individual members and where a class action is superior to other means to

12 adjudicate the controversy.

13        Plaintiff bears the burden of demonstrating that "each of the four requirements

14 of Rule 23(a) and at least one of the requirements of Rule 23(b)" are met. *Zinser v.*

15 *Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001).  Given the purposes

16 of the class action device, district courts have "broad discretion" to determine whether

17 the Rule 23 requirements are met. *See id.*; *In re Mego. Fin. Corp. Sec. Litig.*, 213 F.3d

18 454, 461 (9th Cir. 2000); *Yamamoto v. Omiya*, 564 F.2d 1319, 1325 (9th Cir. 1977).

19 Thus, where Plaintiff submits material sufficient to allow the Court to form a

20 "reasonable judgment" that each requirement is met, class certification may be

21 granted.  *Blackie v. Barrack*, 524 F.2d 891, 901 n.17 (9th Cir. 1975).

22    **B.    Plaintiff Meets The Requirements Of Rule 23(a)**

23        **First**, the proposed class meets the numerosity requirement. "The prerequisite

24 of numerosity is discharged if 'the class is so large that joinder of all members is

25 impracticable.'" *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)

26 (quoting Fed. R. Civ. P. 23(a)(1)).  Here, numerosity is undisputed and is thus

27 established.

28        **Second**, the Court finds that there are common issues of law and fact.  Under

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Rule 23(a)(2), there must be questions of law and/or fact common to the proposed class. Courts have described the showing needed to meet the commonality requirement as "minimal" and "not high." *Hanlon*, 150 F.3d at 1020; *accord Mortimore v. FDIC*, 197 F.R.D. 432, 436 (W.D. Wash. 2000).

Rule 23(a)(2) requires a plaintiff to identify questions of law and fact common to the class showing that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2451, 2551 (2011).  In other words, the class members' claims "must depend on a common contention… [which] must be of such a nature that it is capable of classwide resolution—which means the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*  Although for purposes of Rule 23(a)(2) even a single common question will do, *see id.*, "[w]hat matters to class certification… is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.*

Commonality is established here because this case is about a common advertising campaign which gives rise to common questions subject to common proof. The overriding common questions in this case are whether Defendant misrepresented that Supple can treat arthritic joint pain and whether this misrepresentation is likely to deceive a reasonable consumer.  These straightforward questions are binary: either the advertising is misleading or not, and the efficacy and speed-of-action claims are either true or false.

The aforementioned common questions will generate common answers which will drive the litigation.  Indeed, substantial evidence demonstrates that Defendant disseminated its marketing and advertising regarding the purported uses and benefits of Supple uniformly and pervasively during the class period.  Whether such marketing and advertising is likely to mislead a reasonable consumer can be determined on a class-wide basis. *See  Johnson v. Gen Mills, Inc.*, 275 F.R.D. 282, 286 (C.D. Cal.

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

2011) (certifying class and holding plaintiff's "UCL and CLRA claims raise common issues regarding General Mills allegedly deceptive representation that YoPlus promotes digestive health".). Further, whether Class members have been damaged, and, if so, the measure of those damages can easily be determined on an aggregate basis from Defendant's records.  This common evidence will enable the Court to determine Defendant's liability for violations of California law on a class-wide basis.

**Third**, the typicality element is satisfied.  "The typicality prerequisite of Rule 23(a) is fulfilled if 'the claims or defenses of the representative parties are typical of the claims or defenses of the class.'" *Hanlon*, 150 F.3d at 1020 (*quoting* Fed. R. Civ. P. 23(a)(3)). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).

Here, Plaintiff Arlene Cabral's claims are identical those of the proposed Class, as all of the claims in the instant litigation stem from the same set of misrepresentations, consistent across Defendant's various forms of marketing and advertising, to which all purchasers of Supple were exposed.  Plaintiff purchased and consumed Supple believing that it would effectively treat her arthritis.  Cabral Decl. at ¶4.  If Plaintiff had known that Supple's key ingredients are *not* "fast-acting," are *not* "clinically proven effective," and have no ability to treat and/or prevent arthritis, she would not have purchased the product.  *Id.* at ¶8.  As such, Plaintiff's claims pose the same questions of law and fact as the Class members, and arise from the same marketing, advertising, and labeling claims that give rise to other Class members' claims.  Plaintiff also suffered the same injury as other members of the Class–the loss of the purchase price paid for Supple (including shipping costs), which is worthless because it does not possess any of the uses and benefits touted in Defendant's marketing and advertising–and seeks an injunction on behalf of all Class Members. *Id.*  Thus, Plaintiff clearly meets the typicality requirement, and is well-suited to

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

represent the Class.

**Finally**, Plaintiff and her counsel are adequate. "The final hurdle interposed by Rule 23(a) is that 'the representative parties will fairly and adequately protect the interests of the class.'" *Hanlon*, 150 F.3d at 1020 (quoting Fed. R. Civ. P. 23(a)(4)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class*?" Id.*; *see also Crawford v. Honig*, 37 F.3d 485, 487 (9th Cir. 1994).

Based upon the evidence submitted, the Court finds Plaintiff and her counsel do not have any conflicts of interest with the proposed class. The Court further finds Plaintiff and her counsel will vigorously prosecute this action and have the resources to do so.

### C.   Certification Under Rule 23(b)(3) Is Appropriate

The Court certifies the class under Rule 23(b)(3). "Subdivision (b)(3) encompasses those cases in which a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 211 (9th Cir. 1975). A class action may be certified where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. Fed. R. Civ. P. 23(b)(3).

Here, the Court finds that common issues of law and fact predominate. "When common issues present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Hanlon*, 150 F.3d at 1022.

Questions of law and fact common to all members of Plaintiff's proposed class are central to this litigation, which is about a common advertising campaign

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

conveying <u>one</u> message that every class member was exposed to, about a product that has only <u>one</u> purpose. These common questions predominate over any individual issues Defendant may identify or assert. Indeed, liability pursuant to California's UCL, FAL, and CLRA all require a determination of whether the reasonable consumer is likely to be deceived, not whether any individual was actually deceived—a common issue that does not require individualized inquiry. Moreover, in the same way Plaintiff can establish liability by common evidence demonstrating that Defendant's efficacy and speed-of-action claims are false, deceptive and uniformly disseminated, Defendant can defend itself with common evidence to the contrary. *See Johnson*, 275 F.R.D. at 289 ("General Mills could defeat the claims of the entire class by proving YoPlus promotes digestive health in the manner that General Mills allegedly represented. The digestive health benefit of YoPlus, or the lack thereof, is a common issue that is particularly appropriate for class wide resolution because it will turn on complex and expensive scientific evidence and expert testimony."). As such, common questions of law and fact predominate over any alleged individual issues in this matter.

Finally, the Court finds that a class action is superior to individual suits. In evaluating whether a class action is the superior method of adjudicating the issues in the litigation, the Court looks to four factors: "(1) the interest of each class member in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already commenced by or against the class; (3) the desirability of concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be encountered in the management of a class action." *Keegan v. Amer. Honda Motor Co., Inc.*, 2012 WL 2250040, at *41 (C.D. Cal. June 12, 2012). "A consideration of these factors requires the court to focus on the efficiency and economy elements of the class action so that cases allowed under subdivision (b)(3) are those that can be adjudicated most profitably on a representative basis." *Zinser*, 253 F.3d at 1190 (quoting 7A Charles Alan Wright, *et*

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405

1  *al.*, Federal Practice and Procedure § 1780 at 562 (2d ed. 1986)).

2      Where, as here, the "damages suffered by each putative class member are not

3  large, [the first factor enumerated in Rule 23(b)(3)] weighs in favor of certifying a

4  class action." *Zinser*, 253 F.3d at 1190.  Moreover, the "great expense that would fall

5  on individual class members if each class member had to provide scientific evidence

6  and expert testimony in separate cases" significantly favors certification.  *Johnson*,

7  275 F.RD. at 289.

8      Further, given that there are no other cases challenging Defendant's marketing

9  and advertising claims under California's consumer protection statues, there is no

10 "threat of multiplicity" or "risk of inconsistent adjudications" in proceeding as a class

11 action.  *See Zinser*, 253 F.3d at 1191.  Accordingly, the second factor—the extent and

12 nature of any litigation concerning the controversy already commenced by or against

13 the class—also favors certification.  *See id.*  With regard to the third factor, because

14 the proposed class involves only California purchasers of Supple, it is appropriate to

15 concentrate the litigation in this Court.  *See* Fed. R. Civ. P. 23(b)(3)(C).

16     Finally, because resolution of the predominate legal issues in this matter will be

17 driven by a common core of salient facts—i.e. each class member's exposure to

18 Defendant's uniform marketing and advertising claims—and the presentation of

19 common scientific evidence regarding the lack of efficacy of glucosamine and

20 chondroitin sulfatethis, this case does not present the type of "complexities of class

21 action treatment [that would] outweigh the benefits of considering common issues in

22 one trial."  *Id.* at 1234-35.   Accordingly, manageability issues are not likely to arise,

23 and a class action is superior to individual suits regarding the issues at bar. *See* Fed. R.

24 Civ. P. 23(b)(3)(D).

25     **D.    The Court Appoints Arlene Cabral As Class Representative And MA**

26         **As Class Counsel**

27

28

The Court appoints Arlene Cabral as representative for the above class.  Finally, the Court also appoints MA as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

**E.    Conclusion**

For the aforementioned reasons, the Court certifies the following class pursuant to Federal Rule of Civil Procedure 23:

(1)    a California Rule 23(b)(3) UCL (Cal. Bus. & Prof. Code §17200 et seq.) Class;

(2)    a California Rule 23(b)(3) FAL (Cal. Bus. & Prof Code §17500 et seq.) Class;

(3)    a California Rule 23(b)(3) CLRA (Cal. Civil Code §1750 et seq.) Class;

(4)    Plaintiff Arlene Cabral is appointed class representative;

(5)    Milstein Adelman, LLP are appointed class counsel.

**IT IS SO ORDERED**

DATED: _____          _____

Hon. Michael W. Fitzgerald
Judge of the United States District Court

Milstein Adelman, LLP
2800 Donald Douglas Loop North
Santa Monica, California 90405