MANATT, PHELPS & PHILLIPS, LLP
BRAD W. SEILING (Bar No. CA 143515)
YOANNA S. BINDER (Bar No. CA 218239)
KRISTIN S. ESCALANTE (Bar No. CA 169635)
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
SUPPLE, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLEEN CABRAL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SUPPLE, LLC, a Connecticut corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:12-CV-00085-MWF-OPx<br><br>**CLASS ACTION**<br><br>**ANSWER TO FIRST AMENDED COMPLAINT** |

Defendant Supple LLC ("Defendant") answers the First Amended First Amended Complaint filed by Plaintiff Arleen Cabral and admits, denies and alleges as follows.

1. Answering Paragraph 1, Defendant admits that Plaintiff's alleged citizenship is diverse from Defendant's. As to the amount in controversy, the Complaint speaks for itself. Defendant specifically denies that there is any ascertainable class or that Plaintiff or any member of the putative class was harmed or damaged by Defendant or is entitled to any relief, including monetary or injunctive relief. The remaining allegations in Paragraph 1 state legal conclusions for which no response is required, but if a response is required, Defendant denies each and every allegation in Paragraph 2 except as expressly admitted.

2. Answering Paragraph 2, Defendant admits that it has marketed and sold its product to customers with California addresses. The remaining allegations in Paragraph 2 state legal conclusions for which no response is required, but if a response is required, Defendant denies each and every allegation in Paragraph 2 except as expressly admitted.

3. Answering Paragraph 3, Defendant is without knowledge or information sufficient to form a belief about where Plaintiff resides or where she purchased Supple® and on that basis denies the allegations on that subject. Paragraph 3 states legal conclusions for which no response is required. Defendant denies each and every remaining allegation in Paragraph 3.

4. Answering Paragraph 4, Defendant admits that it markets and sells Supple®. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 4.

5. Defendant denies each and every allegation in Paragraph 5.

6. Defendant denies each and every allegation in Paragraph 6.

7. Answering Paragraph 7, Defendant admits that SuppleBodies.com is a website that Defendant controls. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 7.

8. Defendant denies each and every allegation in Paragraph 8, including allegations contained in the bullet points.

9. Defendant denies each and every allegation in Paragraph 9.

10. Defendant denies each and every allegation in Paragraph 10.

11. Defendant denies each and every allegation in Paragraph 11.

12. Defendant denies each and every allegation in Paragraph 12.

13. Answering Paragraph 13, Defendant admits that an order for Supple® was placed by a customer named Arlene Cabral in 2009. Defendant lacks sufficient information or belief regarding where Plaintiff resides or whether she suffers from arthritis, and therefore denies allegations in this paragraph regarding those topics. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 13.

14. Answering Paragraph 14, Defendant admits that has sold Supple® to customers with California addresses, and that it is the registered trademark owner of Supple®. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 14.

15. To the extent Paragraph 15 requires a response, Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

18. Defendant denies each and every allegation in Paragraph 18.

19. Answering Paragraph 19, Defendant denies that this action may properly be maintained as a class action. To the extent Paragraph 19 requires any further response, Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22, including subparts.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. Defendant denies each and every allegation in Paragraph 25.

26. Defendant denies each and every allegation in Paragraph 26.

27. Defendant denies each and every allegation in Paragraph 27.

28. Defendant denies each and every allegation in Paragraph 28.

29. Answering Paragraph 29, Defendant admits that osteoarthritis and other forms of arthritis can cause mild to severe pain in the joints as well as joint tenderness and swelling; that there are numerous diseases and conditions that affect the joints, surrounding tissues and other connective tissues; and that tens of millions of Americans suffer from osteoarthritis or other joint diseases or conditions or have joint pain. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 29.

30. Answering Paragraph 30, Defendant admits that osteoarthritis is a common joint condition affecting tens of millions of adults in the United States; that it may cause pain, swelling, stiffness, joint damage, limited range of motion, and/or other loss of function; that it may involve the breakdown of cartilage; that it may sometimes occur late in life; that it may affect the hands and large-weight bearing joints, such as the knees; that more women than men appear to be affected; and that obesity may be a risk factor. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 30.

31. Answering Paragraph 31, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 31, and on that basis

denies each and every allegation in Paragraph 31.

32. Defendant admits the allegations in Paragraph 32, which describes some but not all of the benefits of glucosamine and chondroitin.

33. Answering Paragraph 33, Defendant admits that glucosamine and chondroitin are two of the best-selling dietary supplements in the United States; that the use has grown since 1997 and is widespread; that some forms of glucosamine and/or chondroitin come from animal sources; that high quality glucosamine and chondroitin, in the proper doses, can relieve knee pain, repair cells, and revitalize worn cartilage. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 33.

34. Answering Paragraph 34, Defendant admits that it introduced a dietary supplement product called Supple® that contains glucosamine and chondroitin. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 34.

35. Answering Paragraph 35, Defendant admits that its founder, Peter Apatow, has suffered from arthritis and understands the pain and suffering of others with the condition. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 35.

36. Answering Paragraph 36, Defendant admits that one of the methods by which it markets its product is through infomercials; that Dr. Monita Poudyal appears in certain infomercials; that Dr. Poudyal is now married to Mr. Apatow; and that Dr. Poudyal has a de minimis profit-sharing interest in Defendant (substantially less than 0.001%). Except as expressly admitted, Defendant denies each and every allegation in Paragraph 36.

37. Answering Paragraph 37, Defendant admits that Peter Apatow appears in Defendant's infomercials and discusses his experiences with joint pain and how Supple®'s key ingredients helped him. Except as expressly admitted,

1  Defendant denies each and every allegation in Paragraph 37.

2      38.    Answering Paragraph 38, Defendant admits that it advertises on the Internet. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 38.

    39.    Answering Paragraph 39, Defendant admits that, at certain times, various different combinations and versions of the statements listed in Paragraph 39 appeared in various pages of its Internet advertising. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 39.

    40.    Answering Paragraph 40, Defendant admits that Exhibits D and E are screenshots from single pages of multi-page websites have changed over time. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 40.

    41.    Defendant denies each and every allegation in Paragraph 41.

    42.    Answering Paragraph 42, Defendant admits that Supple® is marketed and advertised as a dietary supplement. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 40.

    43.    Paragraph 43 contains only legal conclusions and thus requires no response. To the extent Paragraph 43 requires a response, Defendant denies each and every allegation in Paragraph 43.

    44.    Paragraph 44 contains only legal conclusions and thus requires no response. To the extent Paragraph 444 requires a response, Defendant denies each and every allegation in Paragraph 44.

    45.    Paragraph 45 contains only legal conclusions and thus requires no response. To the extent Paragraph 45 requires a response, Defendant denies each and every allegation in Paragraph 45.

    46.    Paragraph 46 contains only legal conclusions and thus requires no response. To the extent Paragraph 46 requires a response, Defendant denies each

and every allegation in Paragraph 46.

47. Answering Paragraph 47, certain of Defendant's advertisements use the words "comfort, lubricate and rebuild your joints." Defendant lacks knowledge or information sufficient to form a belief about Arthritis Assist's advertising. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 47.

48. Defendant denies each and every allegation in Paragraph 48.

49. Defendant denies each and every allegation in Paragraph 49, and in the headings that follow Paragraph 49.

50. Answering Paragraph 50, Defendant admits that two of the ingredients in Supple® are glucosamine and chondroitin sulfate, and that the form of glucosamine contained in Supple is glucosamine hydrochloride. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 50.

51. Defendant denies each and every allegation in Paragraph 51,

52. Defendant denies each and every allegation in Paragraph 52, and in the heading that follows paragraph 52.

53. Answering Paragraph 51, Defendant admits that it has referenced the GAIT study in one or more of its advertisements. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 53.

54. Defendant admits the allegations in Paragraph 54.

55. Defendant denies each and every allegation in Paragraph 55.

56. Answering Paragraph 56, Defendant admits that the quoted language, which is taken out of context in Paragraph 56, appeared in an opinion piece published in the New England Journal of Medicine. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 56.

57. Answering Paragraph 57, Defendant admits that there was a follow-up study involving certain GAIT participants that was intended to determine the

effect of glucosamine and chondroitin on knee joint space width narrowing over time in those participants. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 57.

58. Answering Paragraph 58, Defendant admits that in a follow up GAIT study, radiographic images were analyzed to determine whether and to what degree participants experienced joint space width narrowing. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 58.

59. Defendant denies each and every allegation in Paragraph 59.

60. Answering Paragraph 60, Defendant admits that certain GAIT participants were involved in a further follow-up study regarding the long term effects of various compounds on various issues, and that study participants received one of the following: (1) glucosamine; (2) chondroitin; (3) a combination of glucosamine and chondroitin; (4) Celebrex; or (5) placebo. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 60.

61. Defendant denies each and every allegation in Paragraph 61, and the heading that follows Paragraph 61.

62. Answering Paragraph 62, Defendant admits that in certain of its advertisements Defendant states that Supple® may provide "fast relief from joint suffering" in certain consumers. Except as expressly admitted, Defendant denies the allegations in Paragraph 62.

63. Defendant denies each and every allegation in Paragraph 63.

64. Defendant denies each and every allegation in Paragraph 64.

65. Defendant denies each and every allegation in Paragraph 65, and in the heading following Paragraph 65.

66. Paragraph 66 states only a legal conclusion and thus requires no response. To the extent that a response is required, Defendant denies each and

every allegation in Paragraph 66.

67. Defendant denies each and every allegation in Paragraph 67.

68. Defendant denies each and every allegation in Paragraph 68.

69. Defendant denies each and every allegation in Paragraph 69.

70. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 70, and on that basis denies each and every allegation in Paragraph 70.

71. Defendant lacks knowledge or sufficient information to form a belief about the truth of the allegations in Paragraph 71, and on that basis denies each and every allegation in Paragraph 71.

72. Answering Paragraph 72, Defendant admits that an order for Supple® was placed for Arlene Cabral on April 28, 2009. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 72.

73. Answering Paragraph 73, Defendant admits that Cabral represented to Defendant's customer service representative that she never received the shipment of Supple®, and that a second shipment was sent to her free of charge. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 73.

74. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis denies each and every remaining allegation.

75. Defendant denies each and every allegation in Paragraph 75.

76. Defendant denies each and every allegation in Paragraph 76.

77. Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

78. To the extent Paragraph 78 contains factual allegations that require a response, Defendant denies each and every allegation in Paragraph 78.

79. Answering Paragraph 79, Defendant admits that an order for Supple® was placed by an Arlene Cabral in 2009. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 79.

80. Defendant denies each and every allegation in Paragraph 80.

81. Defendant denies each and every allegation in Paragraph 81.

82. Defendant denies each and every allegation in Paragraph 82.

83. Defendant denies each and every allegation in Paragraph 83.

84. Defendant denies each and every allegation in Paragraph 84.

85. Defendant denies each and every allegation in Paragraph 85.

86. Defendant denies each and every allegation in Paragraph 86.

87. Defendant denies each and every allegation in Paragraph 87.

88. Defendant denies each and every allegation in Paragraph 88.

89. Defendant denies each and every allegation in Paragraph 89.

90. Defendant denies each and every allegation in Paragraph 90

91. Defendant denies each and every allegation in Paragraph 91

92. Defendant denies each and every allegation in Paragraph 92

93. Defendant denies each and every allegation in Paragraph 93

94. Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

95. Defendant denies each and every allegation in Paragraph 95.

96. Defendant denies each and every allegation in Paragraph 96.

97. Defendant denies each and every allegation in Paragraph 97.

98. Defendant denies each and every allegation in Paragraph 98.

99. Defendant denies each and every allegation in Paragraph 99.

100. Defendant denies each and every allegation in Paragraph 100.

101. Defendant denies each and every allegation in Paragraph 101.

102. Defendant denies each and every allegation in Paragraph 102.

103. Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

104. To the extent that Paragraph 104 contains factual allegations that require a response, Defendant denies each and every allegation in Paragraph 104.

105. Paragraph 105 contains only legal conclusions and thus requires no response. To the extent a response is required, Defendant denies each and every allegation in Paragraph 105.

106. Defendant denies each and every allegation in Paragraph 106.

107. Defendant denies each and every allegation in Paragraph 107.

108. Defendant denies each and every allegation in Paragraph 108.

109. Defendant denies each and every allegation in Paragraph 109.

110. Defendant denies each and every allegation in Paragraph 110.

111. Defendant denies each and every allegation in Paragraph 111.

112. Defendant denies each and every allegation in Paragraph 112.

113. Defendant denies each and every allegation in Paragraph 113.

114. Defendant denies each and every allegation in Paragraph 114.

115. Defendant denies each and every allegation in Paragraph 115.

116. Defendant denies each and every allegation in Paragraph 116.

117. Defendant incorporates by reference its responses to the allegations contained in the preceding paragraphs as if fully set forth herein.

118. Defendant denies each and every allegation in Paragraph 118.

119. Answering Paragraph 119, Defendant admits that an order for Supple® was placed by an Arlene Cabral in 2009. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 119.

120. Paragraph 120 consists of legal conclusions requiring no response. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 120.

121. Defendant denies each and every allegation in Paragraph 121.

122. Defendant denies each and every allegation in Paragraph 122.

123. Defendant denies each and every allegation in Paragraph 123.

124. Defendant denies each and every allegation in Paragraph 124.

125. Defendant denies each and every allegation in Paragraph 125.

126. To the extent that Paragraph 126 requires a response, Defendant denies each and every allegation in Paragraph 126.

127. Defendant denies each and every allegation in Paragraph 127.

128. Answering Paragraph 128, Defendant admits that Plaintiff sent Defendant a letter in July 2011 claiming violations of section 1770. Except as expressly admitted, Defendant denies each and every allegation in Paragraph 128.

129. Defendant denies each and every allegation in Paragraph 129.

## AFFIRMATIVE DEFENSES

Defendants deny that Plaintiffs or any members of the putative class are entitled to damages in any amount, or any other relief whatsoever.

Without undertaking any burden they do not otherwise bear, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

1. The First Amended Complaint, and each purported claim for relief therein, fails to state facts sufficient to constitute a claim for relief against Defendant.

### SECOND AFFIRMATIVE DEFENSE
(Lack of Proximate Causation)

2. Plaintiff cannot prove any facts showing that Defendant's conduct was the proximate cause of Plaintiff's alleged injuries and damages.

## THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

3. Plaintiff's claims are barred, in whole or in part, under the doctrine of unclean hands based on Plaintiff's own conduct, actions and omissions.

## FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. The First Amended Complaint, and each purported cause of action asserted therein, is barred by the equitable doctrine of estoppel based on Plaintiff's own conduct, actions and omissions.

## FIFTH AFFIRMATIVE DEFENSE

(Waiver)

5. The First Amended Complaint, and each purported claim for relief therein, is barred because Plaintiff has waived any right to assert the claims contained therein.

## SIXTH AFFIRMATIVE DEFENSE

(No Justifiable Reliance)

6. The First Amended Complaint, and each purported claim for relief therein, is barred because Plaintiff did not reasonably or justifiably rely on any alleged misstatement or omission by Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

7. The First Amended Complaint, and each purported claim for relief therein, is barred in whole or part because Plaintiff has failed to mitigate her alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

(Damages Solely the Fault of Persons Other Than Defendants)

8. Plaintiff's alleged losses and damages were caused directly and proximately by persons other than Defendant, whether individual, corporate, or otherwise.

## NINTH AFFIRMATIVE DEFENSE

(Assumption of the Risk)

9. Defendant is informed and believes that Plaintiffs, with total appreciation of the risks involved, whether expressly or impliedly, knowingly and voluntarily assumed the risks of the damages complained of, if any, resulting therefrom.

## TENTH AFFIRMATIVE DEFENSE

(Mootness)

10. The First Amended Complaint, and each purported claim for relief therein, is barred because it is moot.

## ELEVENTH AFFIRMATIVE DEFENSE

(Absence of Damages)

11. The First Amended Complaint is barred because Plaintiff has suffered no injury as a result of Defendant's alleged actions.

## TWELFTH AFFIRMATIVE DEFENSE

(Standing)

12. Plaintiff lacks standing to bring the claims for relief alleged in the First Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Adequacy of Remedy at Law)

13. Plaintiff's claims for injunctive relief are barred because she has an adequate remedy at law.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

14. The First Amended Complaint is barred, in whole or in part, because Plaintiff consented to the practices and other conduct alleged in the First Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Ratification)

15. The First Amended Complaint is barred, in whole or in part, because Plaintiff ratified the practices and other conduct alleged in the First Amended Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs' Claims Not Typical of Putative Class)

16. This case is not suitable for class certification because, among other reasons, Plaintiff's claims are not typical of the putative class that she purports to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Plaintiffs Do Not Adequately Represent the Putative Class)

17. Plaintiff is not an adequate representative for the putative class.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Members of Putative Class Not Readily Identifiable)

18. This case is not suitable for class action treatment because, among other reasons, the members of the putative class defined in the First Amended Complaint are not readily identifiable.

## NINETEENTH AFFIRMATIVE DEFENSE

(Common Issues Do Not Predominate)

19. Class treatment is not proper because common issues of law and fact do not predominate over individual issues.

### TWENTIETH AFFIRMATIVE DEFENSE

(Superiority Not Met)

20. Class treatment is not proper because a class action is not superior to other methods of resolving any dispute.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Defendants' Good Faith)

21. Each of Defendant's actions was undertaken without malice and in good faith.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(No Basis For Attorney's Fees)

22. The First Amended Complaint fails to state facts that would entitle Plaintiffs to recover attorneys' fees from Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(No Intent and Reasonable Safeguards)

23. Defendants had no intent to violate any statute and have adopted reasonable procedures to avoid any violations.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Preemption)

24. The First Amended Complaint, and each cause of action contained therein, is preempted by Federal law.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Primary Jurisdiction)

25. The First Amended Complaint, and each cause of action contained therein, is barred by the doctrine of primary jurisdiction.

///
///
///
///

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(First Amendment)

26. The First Amended Complaint, and each cause of action contained therein, is barred by the free speech clause to the First Amendment to the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(No Private Enforcement of the FDCA)

27. The First Amended Complaint, and each cause of action contained therein, is barred by 21 U.S.C. 337(a).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Preservation of Presently Unknown Affirmative Defenses)

28. Defendants reserve the right to assert additional affirmative defenses when the basis for such allegations is discovered.

WHEREFORE, Defendants pray that:

1. The First Amended Complaint be dismissed in its entirety with prejudice;

2. Plaintiffs take nothing by this action;

3. Defendants be awarded their costs of suit, including attorneys' fees; and

///
///
///
///
///
///
///
///

4. Defendants be awarded such other relief as the Court deems just and proper.

Dated: January 29, 2012

MANATT, PHELPS & PHILLIPS, LLP
Brad W. Seiling
Yoanna S. Binder
Kristin S. Escalante

By: /S/*Kristin Escalante*
Kristin S. Escalante
Attorneys for Defendant
Supple, LLC

306303640.1