NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | | |
|---|---|---|
| ARLEEN CABRAL, individually and on behalf of all others similarly situated, | ) ) ) ) | No. 13-55943 |
| | ) | D.C. No. 5:12-CV-00085-MWF-OP |
| Plaintiff - Appellee, | ) ) ) | MEMORANDUM[*] |
| v. | ) ) | |
| SUPPLE LLC, a Connecticut Corporation, | ) ) ) ) | |
| Defendant - Appellant. | ) ) | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted June 1, 2015
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and MARQUEZ,[**] District Judge.

Supple, LLC appeals the district court's order certifying a class of

purchasers of a dietary supplement sold by Supple in liquid and powder form ("the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Rosemary Marquez, District Judge for the U.S. District Court for the District of Arizona, sitting by designation.

Beverage"). We vacate and remand.

The Beverage contained glucosamine hydrochloride and chondroitin sulfate as well as other ingredients, including vitamins and minerals. The certified class is "[a]ll persons residing in the State of California who purchased [the Beverage] for personal use and not for resale since December 2, 2007." Cabral asserted that Supple had made misrepresentations to herself and the other members of the class in violation of a number of California statutes: California's Unfair Competition Law ("UCL"),[1] California's False Advertising Law ("FAL"),[2] and California's Consumer Legal Remedies Act ("CLRA").[3] The district court determined that Cabral had met the prerequisites for class certification[4] as a class in which "questions of law or fact common to class members predominate over any questions affecting only individual members."[5] The district court declared that the common issue which predominated was whether Supple had misrepresented to the class members that "the Beverage is clinically proven effective in treating joint

---

[1] Cal. Bus. & Prof. Code §§ 17200, 17203.

[2] Cal. Bus. & Prof. Code § 17500.

[3] Cal. Civ. Code § 1770.

[4] See Fed. R. Civ. P. 23(a).

[5] Id. 23(b)(3).

pain."[6] But in order for the issue to predominate, it must at least be common[7] and there must be cohesion among the class members.[8] It is upon those rocks that the district court's certification founders.

In a case of this nature, one based upon alleged misrepresentations in advertising and the like, it is critical that the misrepresentation in question be made to all of the class members. See, e.g., Stearns, 655 F.3d at 1020; Mazza v. Am. Honda Motor Co., 666 F.3d 581, 596 (9th Cir. 2012); Davis-Miller v. Auto. Club of So. Cal., 201 Cal. App. 4th 106, 124–25, 134 Cal. Rptr. 3d 551, 565 (2011) (CLRA and UCL); Fairbanks v. Farmers New World Life Ins. Co., 197 Cal. App. 4th 544, 562, 128 Cal. Rptr. 3d 888, 904 (2011) (UCL); Pfizer Inc. v. Super. Ct., 182 Cal. App. 4th 622, 629–30 & n.4, 631–32, 105 Cal. Rptr. 3d 795, 801 & n.4, 802–04 (2010) (UCL and FAL claims); Cohen v. DIRECTV, Inc., 178 Cal. App. 4th 966, 980–81, 101 Cal. Rptr. 3d 37, 47–49 (2009) (UCL and CLRA). The

---

[6] Cabral would have us expand the misrepresentation to a claim that the Beverage has some efficacy, and Supple would have us narrow it by adding that the pain must be caused by arthritis. We will do neither and will limit ourselves to consideration of the issue actually identified by the district court.

[7] See Wal-Mart Stores, Inc. v. Dukes, __ U.S. __, __, 131 S. Ct. 2541, 2556, 180 L. Ed. 2d 374 (2011).

[8] See Amchem Prods., Inc. v. Windsor, 521 U.S. 591, 623, 117 S. Ct. 2231, 2249, 138 L. Ed. 2d 689 (1997); Stearns v. Ticketmaster Corp., 655 F.3d 1013, 1020 (9th Cir. 2011).

record in this case does not meet that standard; it will not support a determination that all of the class members saw or otherwise received the misrepresentation that the Beverage was "clinically proven effective in treating joint pain." While some deviations from precise wording in the language of advertisements or representations might not be fatal to class certification,[9] advertisements that did not declare the Beverage to be "clinically proven effective in treating joint pain" are a far cry from advertisements that did. It, therefore, cannot be said that the class was properly certified. The district court abused its discretion,[10] and we must vacate the certification order.[11]

    VACATED and REMANDED.

    **Costs awarded to Supple**.

---

[9] See Henry v. Lehman Commercial Paper, Inc. (In re First Alliance Mortg. Co.), 471 F.3d 977, 990–91 (9th Cir. 2006).

[10] See Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1066–67 (9th Cir. 2014); see also United States v. Hinkson, 585 F.3d 1247, 1261–63 (9th Cir. 2009) (en banc).

[11] We express no opinion on whether a different class could be certified regarding this controversy; we just decide that the district court erred in certifying this class at this time. Similarly, we express no opinion on whether Supple's promotion of the Beverage was laudable or louche.