UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** EDCV-12-00085-MWF-OP | **Date:  March 24, 2016** |
| Title:     Arlene Cabral -*v*- Supple, LLC | |

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                           Court Reporter:
Rita Sanchez                            Not Reported

Attorneys Present for Plaintiff:        Attorneys Present for Defendant:
None Present                            None Present

**Proceedings (In Chambers):**    ORDER DENYING PLAINTIFF'S MOTION FOR
PARTIAL REMAND AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [145] [146]

        Two Motions are before the Court: Plaintiff's Motion for Partial Remand and to
Stay This Case Pending Resolution of Plaintiff's Claims in State Court ("Motion for
Partial Remand") and Defendant's Motion for Summary Judgment, both filed on
February 8, 2016.  (Docket Nos. 145, 146).  The parties submitted Oppositions to each
other's Motions on February 22, 2016, followed by the Replies on February 29, 2016.
(Docket Nos. 147, 148, 150, 151).  The Court reviewed and considered the papers on
the Motions, and held a hearing on **March 14, 2016**.

        The Motion for Partial Remand is **DENIED**.  The Court has original jurisdiction
over all claims asserted in this action and has no discretion to issue a remand limited to
Plaintiff's request for injunctive relief.  Such a remand would either result in
impermissible claim-splitting or contravene the Class Action Fairness Act ("CAFA").

        The Motion for Summary Judgment is **GRANTED**.  Defendant has already
reimbursed Plaintiff for the economic damages she allegedly suffered as a result of her
purchases.  The only other type of damages she seeks to recover is a statutory penalty
under California Civil Code section 1780.  On the record before the Court, however,
Plaintiff is not entitled to that penalty as a matter of law.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-12-00085-MWF-OP                Date:  March 24, 2016**

Title:      Arlene Cabral -*v*- Supple, LLC

## I.     **BACKGROUND**

On December 2, 2011, Plaintiff initiated this class action in San Bernardino County Superior Court.  (Notice of Removal, Ex. A (Docket No. 1)).  According to Plaintiff, Defendant made a number of misleading advertisements of its product known as the Supple Beverage ("Supple").  (First Amended Complaint ("FAC") ¶¶ 5-6 (Docket No. 33)).  Those advertisements, Plaintiff alleges, promised that Supple would treat arthritis, rebuild joints, and stop "the vicious cycle of cartilage breakdown and degeneration."  (*Id.* ¶ 8).  Enticed by such promises, Plaintiff purchased Supple hoping that it would relieve her joint pain.  (*Id.* ¶ 9).  But Supple did no such thing, Plaintiff claims, as none of Defendant's representations were supported with credible scientific evidence.  (*Id.* ¶ 18).  The FAC therefore asserts three claims for relief under (1) California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (2) California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*; and (3) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*  (*Id.* ¶¶ 77-129).

On January 17, 2012, Defendant timely removed the action to this Court on the ground that the proposed class satisfied the jurisdictional requirements of CAFA.  (Notice of Removal at 1-2).  On June 12, 2012, the Court agreed that it had original jurisdiction over Plaintiff's claims.  (Order Discharging Order to Show Cause at 1 (Docket No. 27)).

On February 14, 2013, the Court certified a damages class of "all persons residing in the State of California who purchased Supple for personal use and not for resale since December 2, 2007."  (Order Granting Plaintiff's Motion for Class Certification at 2, 13 (Docket No. 103)).  On June 23, 2015, the Ninth Circuit reversed the Court certification order, holding that the individual issues within the class predominated over common ones.  (Ninth Circuit Memorandum ("Memo.") at 3 (Docket No. 123)).  "In a case of this nature," the Ninth Circuit clarified, "it is critical that the misrepresentation in question be made to all of the class members."  (*Id.*).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV-12-00085-MWF-OP                 Date:  March 24, 2016**

Title:      Arlene Cabral -*v*- Supple, LLC

On August 11, 2015, Plaintiff requested the Court to set a date by which to renew her motion for class certification.  (Minutes of Status Conference at 1 (Docket No. 133)).  Skeptical that Plaintiff could maintain a class action consistent with the Ninth Circuit's ruling, the Court ordered her to provide a basis for the proposed motion.  (*Id.*).  On August 24, 2015, Plaintiff submitted her proposal, requesting an opportunity to certify another damages class under Rule 23(b)(3) and, in the alternative, and injunctive class under Rule 23(b)(2).  (*See* Statement of Basis to Move for Class Certification Consistent with the Ninth Circuit Court of Appeals Ruling (Docket No. 134)).  The Court denied Plaintiff's request, concluding that the Ninth Circuit's holding precluded another damages class and that Plaintiff had no standing to pursue injunctive relief.  (Order Denying Plaintiff's Request to Renew Motion for Class Certification and to Remand Action to State Court ("Order dated January 7, 2016") at 4-5 (Docket No. 144)).

Plaintiff then requested the Court to remand the entire action back to San Bernardino County Superior Court, where she could at least plausibly obtain an injunction.  (Joint Report at 1-3 (Docket No. 144)).  A remand was necessary, Plaintiff argued, because she could not refile her claims in state court due to the running of the statute of limitations.  (*Id.* at 3).  The Court determined that it retained original, not supplemental, jurisdiction over this action and had no discretion to issue a remand.  (Order dated January 7, 2016 at 6-7.  But the Court also raised the possibility of a partial remand of Plaintiff's injunction request and invited further briefing from the parties.  (*Id.* at 6-7).

Plaintiff now brings the Motion for Partial Remand, arguing that the Court does have the authority to issue a limited remand.  (Motion for Partial Remand at 5).  Defendant disagrees and requests the Court to enter summary judgment on Plaintiff's remaining claims.  (Motion for Summary Judgment at 1).  The Court analyzes each Motion in turn, beginning with the Motion for Partial Remand.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                Date:  March 24, 2016
Title:       Arlene Cabral -v- Supple, LLC

## II.   **MOTION FOR PARTIAL REMAND**

Congress has made clear that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  It is undisputed that this Court's subject matter jurisdiction was proper under CAFA at the time of removal.  (*See* FAC ¶ 1 ("This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).")).  Nor is it disputed that Plaintiff's failure to certify a class did not divest the Court of its original jurisdiction over Plaintiff's individual claims.  *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1092 (9th Cir. 2010) ("[W]e hold that continued jurisdiction under § 1332(d) does not depend on certification.  If a defendant properly removed a putative class action at the get-go, a district court's subsequent denial of Rule 23 class certification does not divest the court of jurisdiction, and it should not remand the case to state court.").  That Plaintiff lacks standing to obtain injunctive relief neither changes that conclusion nor gives the Court discretion to remand the entire action.  *See Lee v. American National Insurance Company,* 260 F.3d 997, 1006 (9th Cir. 2001) (rejecting the plaintiff's contention that "if the district court lacks subject matter jurisdiction over *any* claim, then *every* claim, i.e., the entire case, must be remanded to state court") (emphasis in original).

What the parties do dispute, however, is whether Plaintiff's inability to obtain injunctive relief permits the Court to remand portions of her claims, which could enable her to represent an injunctive class in state court.  (Motion for Partial Remand at 5).  Plaintiff argues that the Court has the authority to do so under the principles expressed in *Lee* and *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351-52 (1988).  Having carefully reviewed the parties' briefs on this issue, the Court rejects Plaintiff's contention for the following reasons.

Neither the Ninth Circuit nor the Supreme Court has permitted a partial remand in the face original federal jurisdiction.  It is true, as Plaintiff points out, that *Lee* briefly considered but declined to decide whether a partial remand could be appropriate

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016

Title:      Arlene Cabral -*v*- Supple, LLC

when the plaintiff would be otherwise forced to forego her nonjusticiable state-law claims.  *Lee*, 260 F.3d at 1007 ("In some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court's power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusticiable state-law claims.").  In raising this possibility, the panel cited *Carnegie-Mellon*, where the Supreme Court permitted district courts with *supplemental* jurisdiction over state-law claims to remand the action after dismissing all federal claims. 484 U.S. at 350-51.  The Court noted that "a remand generally will be preferable to a dismissal when the statute of limitations on the plaintiff's state-law claims has expired before the federal court has determined that it should relinquish jurisdiction over the case.  In such a case, a dismissal will foreclose the plaintiff from litigating his claims."  *Id.* at 351-52.

        The Court is reluctant to construct a new doctrine of partial remand based on *dicta* in *Lee* and statements the Supreme Court made in the context of supplemental, not original, jurisdiction.  But even if doing so were appropriate, the situation presented here is entirely different from what was contemplated by the Ninth Circuit and the Supreme Court.  As Defendant points out, Plaintiff is seeking not to remand a **claim** but to remand a specific **remedy**.  *See Hafiz v. Greenpoint Mortgage Funding, Inc.*, 652 F. Supp. 2d 1039, 1049 (N.D. Cal. 2009) ("Injunctive relief is a remedy which must rely upon underlying claims.").  Neither the text of 28 U.S.C. § 1447(c) nor the policies underlying CAFA support such claim-splitting.

        As a textual matter, nothing in § 1447(c) permits the Court to remand a claim over which it has original jurisdiction.  And there is no doubt that the Court has original jurisdiction over all three of Plaintiff's claims asserted under the UCL, FAL, and CLRA.  *See United Steel,* 602 F.3d at 1092 (district court maintains jurisdiction over the named plaintiff's state law claims under CAFA). The fact that Article III prohibits Plaintiff from obtaining a certain type of remedy in case she prevails on her claims does not detract from that conclusion.  It bears repeating that the lack of injunctive relief does not equate to the lack of subject matter jurisdiction over the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016
Title:       Arlene Cabral -*v*- Supple, LLC

underlying claim.  Under the plain meaning of § 1447(c), therefore, Plaintiff's request must be rejected.

More important still, splitting a claim between state and federal courts would result in an incredible waste of litigation resources.  The parties would presumably conduct duplicative discovery, file duplicative motions, and perhaps even hold duplicative trials on the exact same claim in two separate jurisdictions.  Courts have long prohibited claim-splitting in order to avoid this result.  *See Haphey v. Linn Cty.*, 924 F.2d 1512, 1517 (9th Cir. 1991) ("The doctrine against splitting a single cause of action refers to the compulsion to pursue in one action all the theories and remedies which might be appropriate to a grievance.").  In California, that prohibition is inherent in the "primary rights" doctrine, which provides that "a violation of a single primary right"—here, the right to be free from false advertising—"gives rise to but a single cause of action."  *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904, 123 Cal. Rptr. 2d 432 (2002).  It would be hardly prudent to create a new jurisdictional rule that conflicts with these important doctrines.

Realizing the dangers of claim-splitting, Plaintiff requests the Court to stay this action pending resolution of her claims in state court.  (Motion for Partial Remand at 11-12).  But a stay would create more problems than it would solve.  If the Court were to accept Plaintiff's position, an artful class representative in similar circumstances could litigate the entire class action in state court by requesting a stay of her claims in federal court.  That result would be anathema to CAFA, which was "designed primarily to curb perceived abuses of the class action device which, in the view of CAFA's proponents, had often been used to litigate multi-state or even national class actions in state courts."  *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009).  CAFA contains no exception for actions involving remedies available in state but not federal court, and the Court declines to create one today.  As the Ninth Circuit made clear in *United Steel*, once a district court has original jurisdiction under CAFA—as the Court does here—it must adjudicate all claims before it.  *United Steel,* 602 F.3d at 1092 ("[A] putative class action, once properly removed, stays removed.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016
Title:      Arlene Cabral -*v*- Supple, LLC

        For all these reasons, the majority of the district courts that have confronted
similar requests for "remedy remands" have reached the same conclusion.  The court in
*Mezzadri v. Med. Depot, Inc.*, for instance, distinguished *Lee* and *Carnegie-Mellon*
because the plaintiff sought not to "split causes of action from a case but instead . . . to
split the cause of action from the remedy."  113 F. Supp. 3d 1061, 1065 (S.D. Cal.
2015).  The district court then reasoned that "remanding solely a remedy is not a sound
approach. The logistics of splitting a remedy from the cause of action—and having
solely a remedy stayed in state court pending the outcome of a federal action—is
beyond the scope of this [c]ourt."  *Id.* at 1066.  Similarly, a court in the Northern
District was "flummoxed by the prospect of attempting to remand a remedy without
any accompanying cause of action seeking that remedy."  *Davidson v. Kimberly-Clark
Corp.*, No. C-14-1783-PJH, 2015 WL 2357088, at *4 (N.D. Cal. May 15, 2015).

        Only a single court—one that *Mezzadri* called an "outlier"—came to a different
conclusion.  *Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 961 (N.D. Cal.
2015).  On similar facts, the district court in *Machlan* found support in *Lee* and
*Carnegie-Mellon* for a remand of "the injunctive relief portions of plaintiff's claims."
*Id.*  Under the "principles of fairness and comity," the court reasoned, "a California
state court ought to decide whether injunctive relief is appropriate for plaintiff's
claims."  *Id.*  The district court thus issued a remand and later stayed its docket.  *Id.*

        The Court respectfully disagrees with the reasoning in *Machlan*.  Congress
already considered the "principles of fairness and comity" when it passed CAFA, and
it is not for this Court to second-guess Congress's judgment.  For the Court to refuse to
adjudicate claims falling squarely within its jurisdiction is to circumvent CAFA's goal
of providing a federal forum for class actions implicating interstate interests.  The only
alternative is to proceed in federal and state courts simultaneously, but as the Court
already explained, such claim-splitting would produce immense inefficiencies.  If a
class action plaintiff, therefore, wishes to obtain injunctive relief that is not available in
federal court, she must narrow her class to take it outside of CAFA's purview.
Otherwise, she must proceed in federal court without the prospect of obtaining an
injunction.

CIVIL MINUTES—GENERAL                                                              7

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016
Title:       Arlene Cabral -*v*- Supple, LLC

Plaintiff raises two additional arguments that the Court is yet to address:

*First*, Plaintiff points out that California courts refrain from applying the primary rights doctrine in "exceptional circumstances."  (Reply ISO Motion for Partial Remand at 4); *see Hamilton v. Asbestos Corp.*, 22 Cal. 4th 1127, 1146, 95 Cal. Rptr. 2d 701 (2000) ("The rule bars splitting a single cause of action except where exceptional circumstances might justify a departure from the rule to avoid harsh results.") (internal quotation marks omitted).  But these circumstances are not exceptional; indeed, they could arise in almost every false advertising action under the UCL as long as the named plaintiff lacks standing to obtain an injunction in federal court.  And in any event, the Court is not basing its ruling on the primary rights doctrine but on the common-sense consequences of claim-splitting as well as the policies underlying CAFA.

*Second*, Plaintiff argues in passing that there would be no claim-splitting if the Court were to grant Defendant's Motion for Summary Judgment as to Plaintiff's individual claims.  (Reply ISO Motion for Partial Remand at 8).  The Court is not convinced.  Adjudicating one part of Plaintiff's claim on summary judgment, and remanding the remaining part to state court, is the definition of claim-spitting.  It is true that Defendant's request for summary judgment is based on perceived mootness of this dispute, and not on the merits of Plaintiff's allegations.  But as indicated below, the Court's summary judgment ruling is grounded in the voluminous record, which would be duplicated if the case were remanded to state court.  Such inefficiencies are precisely what the doctrine against claim-splitting seeks to avoid.

Accordingly, the Motion for Partial Remand is **DENIED**.

## II.      MOTION FOR SUMMARY JUDGMENT

In deciding motions under Federal Rule of Civil Procedure 56, the Court applies *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016
Title:      Arlene Cabral -*v*- Supple, LLC

judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case."  *In re Oracle Corp. Secs. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."  *Anderson*, 477 U.S. at 255.

Defendant requests summary judgment on a simple ground:  it has tendered Plaintiff a check in the amount of $190.70 to reimburse her for the products she purchased in 2009, thereby rendering her individual claims moot.  (Motion for Summary Judgment at 2; Declaration of Peter Apatow, Ex. A (Docket No. 145-2)); *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 (9th Cir. 2011) (stating that once a denial of class certification becomes final, a defendant's offer to satisfy the named plaintiff's individual claims "moot[s] the merits of the case because the plaintiff has been offered all that he can possibly recover through litigation").  Plaintiff challenges Defendant's request on four grounds:

**First**, Plaintiff suggests that Defendant acted improperly when it "intentionally bypassed [Plaintiff's] counsel" in sending Plaintiff the refund.  (Opposition to Motion for Summary Judgment at 1).  But Plaintiff cites no authority to support her contention. Indeed, it seems that a mere offer of full reimbursement would have been sufficient to moot Plaintiff's claims.  *See Pitts*, 653 F.3d at 1092 (indicating that an offer of full payment alone moots a named plaintiff's individual claims).  Plaintiff's argument is therefore rejected.

**Second**, Plaintiff claims that Peter Apatow's declaration "lacks foundation as to how the amount of the Supple check was calculated and who made the calculation." (Opposition to Motion for Summary Judgment at 6).  But Defendant's briefs explain in detail how the refund was calculated ($94.95 – purchase price, $19.95 – shipping and handling, $76 – accrued 10% annual interest), and since Plaintiff does not challenge the accuracy of the calculation, the Court accepts the sufficiency of the refund.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                    Date:  March 24, 2016

Title:       Arlene Cabral -*v*- Supple, LLC

  ***Third***, Plaintiff contends that the refund does not make her whole because she is entitled to attorneys' fees and costs.  (Opposition to Motion for Summary Judgment at 5).  Whether that is true would be determined after a final ruling on the merits of Plaintiff's claims.  The mere prospect of an award of attorneys' fees and costs does not prevent Defendant from avoiding expensive litigation by fully satisfying Plaintiff's claims.

  ***Fourth***, and most important, Plaintiff argues that she has a viable claim for a statutory penalty under the CLRA.  (Opposition to Motion for Summary Judgment at 11-12).  California Civil Code section 1780(b), in pertinent part, permits "a disabled person" to recover up to $5000 if she "has suffered substantial physical, emotional, or economic damage resulting from defendant's [false advertising]."  No reasonable trier of fact could conclude, however, that Plaintiff is able to satisfy these requirements.

  As a preliminary matter, no evidence in the record indicates that Plaintiff was a "disabled person" when she purchased Supple in April 2009.  The CLRA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities."  Cal. Civ. Code § 1761(g).  "Major life activities" are "functions that include caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."  *Id.*  No evidence indicates that Plaintiff had any of her "major life activities" impaired when she first purchased Supple.  To the contrary, Plaintiff, at that time, had never been diagnosed with arthritis and was working full-time in a position that required her to perform a wide range of manual tasks.  (Declaration of Gillian L. Wade ("Wade Decl."), Ex. 1 at 14-15, 18 (Docket No. 149)).  And while she did experience joint pain (*id.*), nothing in the record indicates that the pain was significant enough to limit her life activities.   (*Id.*).  It was not until 2011, after her pain became "really severe" and she was actually diagnosed with arthritis, that Plaintiff quit her job due to her condition and became "disabled" for the purposes of the CLRA.  (*Id.* at 14-15).

  Nor is there any evidence showing that Plaintiff suffered "substantial" harm "resulting from" Defendant's alleged misrepresentation.  Plaintiff suggests that she was forced to endure physical pain because Supple did not improve her well-being and she

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  EDCV-12-00085-MWF-OP                  Date:  March 24, 2016
Title:      Arlene Cabral -*v*- Supple, LLC

continued to suffer from arthritis.  (Opposition to Motion for Summary Judgment at 13).  But the physical damage must *result from* Defendant's conduct.  Nothing in the record indicates that she would not have suffered the same pain had she not purchased Supple.  Indeed, according to Plaintiff's allegations, Supple did not have any effect on her health whatsoever.  (FAC ¶¶ 5-6, 53-61).

At most, therefore, Plaintiff lost $115 she used to purchase Supple.  (FAC ¶ 72, Ex. A).  Although no authority sheds light on what economic damages qualify as "substantial" under the CLRA, it is difficult to see how any reasonable jury could find $115 sufficiently significant to warrant a $5000 penalty.  Plaintiff challenged this conclusion at the hearing, contending that $115 was substantial to her as a low-income individual.  But nothing in the record supports that contention.  Plaintiff was employed full-time when she bought Supple, and no evidence demonstrates that a loss of $115 had a substantial impact on her economic well-being at the time of the purchase.  (Wade Decl., Ex. 1 at 15).  In fact, Plaintiff testified that her primary purpose in bringing this lawsuit is not to recover damages but to "get the infomercial off television."  (*Id.* at 71).  In these circumstances, a finding that damages of $115 give rise to penalties under section 1780(b) would read the word "substantial" out of the statute.  No reasonable jury would reach such a result.

In sum, Defendant's refund of $190.70 is the most Plaintiff can hope to recover in this action.  Accordingly, all her claims must be **DISMISSED** *as moot*.

## III.  <u>CONCLUSION</u>

For the foregoing reasons, the Motion for Partial Remand is **DENIED** and the Motion for Summary Judgment is **GRANTED**.

This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58.  Pursuant to Local Rule 58-6, the Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

IT IS SO ORDERED.